The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Nance and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to receive further evidence in that, at the hearing, the Deputy Commissioner improperly excluded evidence which was to be offered by plaintiff's rebuttal witnesses.
Therefore, the Commission, on January 25, 1996, ordered the record reopened for receipt of rebuttal evidence and authorized the taking of depositions of the witnesses identified in plaintiff's offer of proof at the hearing before the Deputy Commissioner. Thereafter, depositions were taken of Melinda Pearce Shue, Ted Upchurch, C.M. Baker, David Rice, Alice Rice, Clyde Bailey, and Sheriff's Detective W.H. Johnson. On October 29, 1996, the parties notified the Commission that the depositions were completed and the transcripts had been received. The Commission chose to render a decision without further briefs or oral arguments by counsel for the parties.
Upon reconsideration of the evidence, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner. The Full Commission has considered the evidence presented by the rebuttal witnesses which was not before the Deputy Commissioner and finds it neither adds nor detracts from the evidence presented by the witnesses at the hearing. Given that this case is fraught with multiple cross-allegations of fraud, falsehood, and deception, the Full Commission declines to disturb the Deputy Commissioner's judgment as to the credibility of plaintiff, Annie Francis Cook, and Emma Baker Harris.
* * * * * * * * * * * * * * * * * *
Commissioner Bernadine S. Ballance, who originally sat on the panel that heard the oral arguments in this case, has recused herself from consideration of this matter.
* * * * * * * * * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
1. The objections raised by counsel at the depositions of Melinda Pearce Shue, Ted Upchurch, C.M. Baker, David at the Rice, Alice Rice, and Clyde Bailey are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
2. The Commission Order of January 25, 1996 reopening the record in this case specifically limited the additional testimony to those rebuttal witnesses identified in plaintiff counsel's offer of proof. In that Detective W.H. Johnson was not one of the witnesses identified in the offer of proof, defendant's motion to exclude Detective W.H. Johnson's deposition testimony from the record is ALLOWED.
* * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In 1990, plaintiff, who was 49 years old at the time of the hearing before Deputy Commissioner Nance, was living in a trailer near Riley, North Carolina with Annie Frances Chalk. Emma Baker Harris was a lifelong friend of plaintiff, having grown up with plaintiff in Riley. In 1990 Emma Harris had occasion to stop by plaintiff's trailer every day. Plaintiff still considers Harris a friend and knows of no reason why she would fabricate a story about him.
2. On December 6, 1990, plaintiff injured his back at home when he slipped going out the back door of his trailer during a domestic dispute with Chalk.
3. Shortly after the above-described incident Harris stopped by the trailer to visit. Chalk and plaintiff had resolved their dispute and plaintiff was sitting at a table. When Harris arrived, plaintiff told Harris that he had hurt his back running out of the trailer, but that he would go to work the next day and say he hurt his back at work.
4. The Defendant-employer Henry Bunn is in the business of house moving. On the morning of 7 December 1990 Bunn worked with plaintiff and another man, Upchurch, helping them break up and move four-inch-thick slabs of concrete. They worked until about noon. Plaintiff did not tell Bunn on December 7, 1990 that he injured his back that morning moving slabs of concrete, and Bunn did not witness an injury. After plaintiff left work that day around noon, he and Upchurch spent the afternoon hunting birds.
5. Plaintiff did not seek treatment for his back until the following day. The first report plaintiff made of the alleged injury was on December 8, 1990, around 12:00 or 1:00 p.m. when he called Bunn at home and asked if Bunn had workers' compensation insurance because plaintiff and Upchurch had hurt their backs the day before.
6. Initially Bunn voiced concerns to the carrier about plaintiff's credibility because Bunn had heard plaintiff discussing Chalk's workers' compensation claim on several occasions. Bunn dropped it, though, and later the parties entered into a Form 21 Agreement dated February 4, 1991. The Form 21 Agreement indicated that plaintiff had injured his back at work on December 7, 1990.
7. Bunn had no reason to question the veracity of plaintiff's claim until a conversation with Chalk in late 1993. Chalk came to Bunn's house to ask about buying an acre of land. When Chalk heard that plaintiff's claim was still ongoing, she laughed and informed Bunn of plaintiff's fraud at the outset. Defendants acted within a reasonable time after discovery of this fraud.
8. Plaintiff injured his back on December 6, 1990 when he fell in the trailer. Being familiar with workers' compensation matters through his association with Chalk, plaintiff thereupon decided to falsely claim that he injured his back at work. He thereafter made false representations to defendants with the intent that they rely thereon and enter into an agreement for the payment of workers' compensation benefits.
9. Plaintiff's misrepresentation to defendants was material. Defendants reasonably relied thereon to their detriment, having entered into a form agreement for the payment of compensation for an injury that did not, in fact, occur.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
An agreement for compensation may be set aside when there has been error due to fraud, misrepresentation, undue influence, or mutual mistake. N.C.G.S. 97-17. Inasmuch as the Form 21 Agreement in this case was procured by fraud and/or misrepresentation, defendants' motion to set aside the agreement is hereby GRANTED.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Defendants' motion to set aside the Form 21 Agreement is hereby GRANTED.
2. Each side shall pay its own costs.
This is the _____ day of March, 1997.
 S/ ____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
Commissioner Ballance did not participate in the consideration or decision of this case.